[Nos. 13581, 13633. In Bank.—August 21, 1891.]

## HENRY MILLER, APPELLANT, v. BERNARDINO CUELHO, RESPONDENT.

EJECTMENT — INCONSISTENT SURVEYS — CONFLICT OF EVIDENCE. — In an action of ejectment, the judgment is affirmed for the reason that the evidence is conflicting as to the accuracy of the surveys of the land in dispute.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles E. Wilson, W. H. Spencer,* and *Mastick, Belcher & Mastick,* for Appellant.

*J. M. Wilcoxon,* for Respondent.

BEATTY, C. J.—The plaintiff in this action prosecutes separate appeals, — No. 13581 from the judgment, and No. 13633 from an order overruling his motion for a new trial. No error is assigned upon the first appeal but in support of his appeal from the order denying a new trial, plaintiff contends that the verdict is contrary to the evidence.

The action is for the recovery of land, and the plaintiff is undoubtedly the owner of the legal subdivisions described in his complaint; the only question in the case being whether a certain spring in the possession of the defendant is situated within the limits of such subdivisions as originally surveyed by the government. The defendant claims that the spring is upon an adjoining subdivision, the government title to which is in him.

It will be readily understood from this statement that the dispute arises out of the fact that the stakes and other monuments, by which the section and quarter-sec-

tion corners of the official survey were originally marked, have become so far obliterated as to require restoration by means of new surveys. As frequently happens in such cases, the different surveyors who have undertaken this task have arrived at widely variant results, — the surveyor for plaintiff locating his lines so as to include the spring, and those employed by defendant bringing it within his lines.

We are asked to decide, as matter of law, that the verdict for defendant is wholly unsupported by the evidence, because his surveyor did not use a proper method in his attempt to restore the lost corners of the section in which the lands of both parties are included. It seems that the exterior lines of the township were surveyed by a deputy surveyor named Freeman in 1856, who at the same time surveyed some of its interior or section lines. It is conceded on all sides that Freeman was very careful and accurate in his work, both in measuring his lines and marking his corners; but the deputy who completed the survey of the section lines of this township in 1871 is said — by some of the witnesses, at least, — to have been careless and inaccurate, and it does not appear that any of the stakes or monuments by which he marked his corners are now discoverable, although many of Freeman's stakes and other marks are still standing and easily found.

The particular section (section 8) in which the premises in controversy are included was partly surveyed by Freeman; that is, he located and marked the southwest corner of the section, and set a quarter-post on its south line. Afterwards, when Read completed the survey of the township, he closed his survey of section 8 on these corners, and laid it down on the township plat as a regular section, one mile square and containing 640 acres. The plat made and returned by him, and approved by the surveyor-general, does not indicate the position of the spring, and his field-notes contain no reference to it.

But there is delineated on the plat and mentioned in the field-notes a certain road extending north and south through the east half of the section, and thence northeast through the southeast quarter of section 5. In the field-notes, the distance from the northeast and southeast corners of section 8, at which this road is intersected by the north and south lines of section 8 and the east line of section 5, is given. The surveyor for plaintiff, failing to discover Read's corners, has taken this road as the basis of his survey and the means of restoring the lost boundaries of section 8. He admits that the road is not now where it was in 1871; but its old *situs* is so satisfactorily proven by him and a number of other witnesses that if it is to control in the re-establishment of the section lines, the claim of plaintiff to the spring seems to be well founded. But the misfortune of plaintiff's case is, that if the defendant's witnesses are to be believed, Read's survey is completely discredited, and no more reliance can be had upon his notes as to the location of the road than upon other statements therein, which must be erroneous if those respecting the road are correct. As above stated, his survey of section 8 closes on Freeman's corners, and shows a regular square of 640 acres; but measuring from Freeman's monument at the southwest corner (the location of which is undisputed) one mile to the east for the southeast corner, it is found to be nearly half a mile southeast of the point where plaintiff's survey locates it, measuring from the road. Such being the case, it cannot be said that the jury were bound to accept the measurements from the road as conclusive; for who can say whether Read's mistakes were made in those measurements or in his measurements to Freeman's corners? That he made an error, and a very serious error, in one or the other set of measurements is clearly proved, if the witnesses for the defendant tell the truth; and for the purposes of this

decision, we must assume that the jury believed them, and were right in believing them.

The appellant, ignoring the weakness of his own case, directs the whole force of his argument against the defendant's survey, which he claims is wholly unreliable because it started from the wrong corner of the section. He contends that the only way to restore the lost sectional corners of a township survey is to retrace the lines as they were originally run, from south to north and from east to west, going back for this purpose to the nearest ascertainable corner of the original survey east of the section in dispute. But conceding the correctness of this rule, the plaintiff, upon whom rested the burden of proof, himself disregarded it. He complains that defendant did not start from some of Read's corners east of section 8, but neither did he. Besides this, his evidence seems to show that no such corners could be found. If, therefore, plaintiff's survey was sufficient to make out a *prima facie* case for him, the defendant's survey was certainly competent for the purpose of rebuttal.

We cannot see that the superior court erred in holding that the verdict of the jury was not in conflict with the evidence.

Judgment and order affirmed.

HARRISON, J., PATERSON, J., McFARLAND, J., DE HAVEN, J., GAROUTTE, J., and SHARPSTEIN, J., concurred.